The next matter, number 24-1741, Yohan Jose Tavares Martinez v. Pamela J. Bondi. At this time, would counsel for the petitioner introduce himself on the record to begin? Good morning, Your Honors. Ivan Mercado on behalf of Yohan Tavares Martinez, and I would reserve one minute for rebuttal. Okay. May it please the court. Okay, please proceed. Your Honors, this is an appeal from a... And actually, okay, let's, okay, the time's, let's, please proceed. Thank you, Your Honor. This is an appeal from a BIA reversal of a discretionary grant of relief based on an adjustment of status application filed on behalf of my client, Yohan Tavares Martinez. That application was filed by his wife, Jennifer Rios. Ms. Rios and Mr. Tavares were married in 2008. Mr. Tavares entered the United States in 2014 on a B-1 visitor's visa. That visa expired in mid-2015. Now, I'll just backtrack for a second. Mr. Martinez... You're accusing the BIA of fact-finding, which is impermissible. Why should we review this as impermissible fact-finding versus the BIA accepting the facts as found by the IJ and properly giving different weight to those facts and reversing an exercise of discretion? Because in this case, the BIA impermissibly added facts. The BIA didn't... The facts were in the record. The police reports were in the record. So just because the IJ doesn't specifically talk about evidence in the record doesn't mean the facts are not there. I agree, Your Honor. The facts were there. The police reports were in the record. And there are two police reports at issue. One police report involves a domestic violence case. I don't think that's the case that the BIA is addressing. There's a second case, which is a case involving the use or the improper attention of a driver's license using the documents of another person. And the BIA finds that that particular case was not what the immigration judge had found, which was merely used for the purposes of obtaining work. So the findings of facts may... Okay, but even if it's used only for obtaining work, he's still using a false identification. There's no dispute as to the false identification. That is correct. The issue is that the BIA then goes on to say that he used the false identification for the purposes of avoiding prosecution. And there's the problem. Because in that situation, the BIA is not just weighing... Well, avoiding prosecution in the domestic case, right? I don't know how he avoided prosecution in domestic case because he was prosecuted. He was arrested. When he was arrested, he had no obligation to make any statement. He was constitutionally protected. He had a driver's license on his person, which is what was used to create the complaint and the police report. That driver's license was in the name of Jose Gonzalez. He went to court with the name Jose Gonzalez. And in fact, the docket on that case has an AKA, which is then at some point it was added as Johan Jose. Okay, but he has that identification and it's not an issue. The BIA in its two-page opinion saying responded... He admitted that he got that not to claim citizenship, but to work. He was using a fake ID to work, but he's using a fake ID to obtain benefit or to be able to work. And what are you saying? He gets charged and he uses that fake ID just to show it off. But the BIA is saying he did use it to avoid criminal prosecution, but it's also saying he used it to obtain work. And when he's going to be charged, he's using that fake ID. So it's, I don't think it's inconsistent. He's not going to court and saying, well, this is my ID, but I'm not really Jose Gonzalez or whatever. Herein lies the problem. Adding that he used it to avoid prosecution is the addition of a mens rea, which is not in the factual findings. The BIA is now saying we're going to tip the scale by finding that he used it to avoid prosecution. And he didn't use it to avoid prosecution. That's not in the facts. I mean, I think in some ways your best argument is that the IJ made the affirmative statement, the petitioner got the license in order to work. Right? That's your best argument. And that a gloss on that might be impermissible fact finding, which is this additional conclusion. Correct. Particularly where the IJ had all of the other positive factors that the IJ was using in order to determine if on a discretionary basis, the positive factors outweighed the negative factors of the two arrests and the arrest, neither of which results in conviction. Now the BIA obviously can look behind those convictions and look at police reports, can make decisions whether or not there's something in there that maybe the prosecutions were not for reasons other than the real facts of the case. That's done all the time in immigration court, but that's not what happens here. I stress that the addition, the altering of the findings is the problem. Now there's another issue. Let me say this. Let's assume that we say it's error to consider that he was trying to avoid prosecution with that false name. And that your explanation makes sense, but he still obtained that false license to get work. And the BIA is concerned that he is using a false identification. The final sentence of that paragraph said, we therefore conclude that respondent's use of false identification constitutes a significant factor. Why can't the BIA consider the fact that somebody who obtains a fake ID in the United States is not worthy of when it's weighing the equities. The BIA could in its discretionary evaluation of the evidence, if they hadn't added an additional fact. We don't know if the addition of that additional fact is what tips the scale. And that's the problem with adding... So you're suggesting we remand the BIA and say, if the ruling is that because he possesses a fake ID to obtain work, that's grounds not to exercise that to no discretion, that's the end of the story for your client, correct? It would be, I believe. Is your problem the factual finding that he presented a false identification to the police, or is it the finding of intent that he did so in order to avoid criminal prosecution? Which are you saying is impermissible? The finding of intent by the BIA in the absence of anything in the factual record from... So if instead the BIA had said, we find it significant that the respondent provided his false identification to the police, period, you wouldn't have an argument here? I think I would be in a tougher position had they not done that. In doing so, it seems that they're seeking to tip the scale when they don't have anything else. But there's no dispute that he's showing the fake ID to the police when they ask him, let me see your ID. He's just got a fake ID. He gives it to them. Right. But he's not telling the police, well, I have a fake ID. He's just giving that fake ID. Right. But it's also, in context, at the time in the Commonwealth of Massachusetts, an undocumented person could not obtain a driver's license in order to work. He was working at DoorDash. He needed the driver's license in order to work. That was the nature of his work. Now, if it had been today, an undocumented person wouldn't have that same problem because you can obtain a driver's license being undocumented in the Commonwealth. Did the IJ observe or make any findings about the petitioner's intent in presenting the license to the police? No. I can't say that she made a specific finding with regards to his intent in presenting the license to the police other than the fact that he was working at the time, making deliveries. He was stopped by the police, and he gave them that license. She didn't, that means she didn't make a specific finding other than saying that he used the license for work and not for any other purpose. There's just one other point that I'd like to raise before my time is up. There's the issue of the court not considering hardship, and the BIA says that the court did not consider hardship in its decision. Obviously, my argument would be that it was inferred in her determination that he was entitled to relief based on her other factual findings. But the BIA, if it did have a problem, was obligated to remand to the court for a determination on hardship if the court was concerned about it. Thank you. Thank you. Thank you, counsel. At this time, would counsel for the respondent please introduce himself on the record to begin? Good morning. May it please the court. Dietz LaFleur on behalf of the respondent. This case is about the BIA's discretionary denial of adjustment of status. The BIA did not alter any factual findings. It reweighed them and concluded that both petitioner arrests plus the use of false identification outweighed the equities. The BIA acknowledged all the equities that the IJ did on page four of the record. There's four concessions that petitioner made. It's key to the disposition of this case. First, the petitioner conceded he obtained false identification on pages 149 to 151 of the record. The petitioner conceded he was arrested for assault and battery at pages- I don't think there's any question that he got false identification. Counsel continues to argue that the IJ made a specific finding as to his mens rea for doing that, which he argues the BIA made a different factual finding. Now, what's wrong with that argument? It's incorrect. Petitioner has not cited any specific record evidence regarding mens rea impacting disposition of the case. Regarding this is a weighing of the- I think he's using mens rea here as a shorthand for the IJ making a specific factual finding that his reason for presenting the false driver's license was for purpose of work and not for some criminal purpose. Right, but Judge Thompson, the reason is irrelevant to the IJ's decision. Let's put it in a context here. He was arrested for possessing a false driver's license that he used to drive illegally. We have driver's ed in this country. It wasn't irrelevant to the IJ's decision because in saying that he got the false license in order to work, the IJ was saying, to me, was saying that he or she had some sympathy for what he was trying to do here. And therefore, found it to be a, it didn't weigh negatively. The fact that that happened didn't weigh negatively in its balance. The fact that he was working was a positive attribute, yes, Judge Thompson. But the IJ found that he was arrested for using a false driver's license and the IJ found that he presented his false identification in both arrests. The BIA concluded the same. The BIA did not alter any of the factual findings. In essence, what petitioners are attempting to do is, we have to look at the- The BIA did add that he provided the false ID in order to avoid the criminal prosecution. And that sort of intent element, I think, is added, even from the findings that you just recited to us that the IJ made. Judge, I think on page four of the record, it sums up the centerpiece of this entire case. As Judge Yelpey quoted, the board said use of a false ID was a significant adverse factor, whereby the equities did not outweigh the criminal behavior. Let me try to post the question a little differently. And I think this is maybe the strongest point the petitioner makes. I agree with you, I think it's possible to infer the intent to evade prosecution from the record we have here, which let's just say I agree with that. But if the BIA has to apply the clear error standard, the question then isn't, is that conclusion plausible from the record? It's whether the IJ made such a finding of the petitioner's intent, or whether that fact, his intent to evade prosecution from the record is undisputed. I think that's the argument petitioner is making. But I'm confused because clear error is not the standard here, Your Honor. This is a jurisdictional de novo case. The argument from the government standpoint- No, she's talking about the BIA's review of the IJ's factual findings would be for clear error. But this is not, they didn't make a clear error finding here. They concluded they did not alter the facts here. This is not a clear error case. I think- Well, that's what, I mean, that's your position, that's not their position. But it's our judgmental problem. No, thank you. So your position is, and the BIA's position is, it's a decision of law, not of the fact finding. Correct. The BIA simply, the BIA did not alter the facts, the factual findings of the IJ. They spit them out verbatim. Okay, but where then does the IJ say that he presented the license to avoid prosecution? That's, I think, the problem, the tiny, that not been in the opinion. As opposing counsel said, he'd probably have an uphill battle. I'm sure he'd come with an argument. I would disagree with the characterization of that from petitioner, I think we need to look at the meat of the argument, as the court said in the Yemi, and not the relabeling of the packaging that it's wrapped in here. The IJ found that he presented false ID when he was arrested, period. There is no preposition beyond that. And to infer that the mens rea is relevant here to the factual findings is not. This is just a weighing of the equities versus the liabilities. The IJ cited the equities, cited the liabilities here, obtaining the false ID to two arrests and using the false ID, and weighed the equities heavier than the liabilities. The BIA didn't touch those factual findings at all. The BIA on page four, as Judge Albee said, said he used the false ID, period, as a significant factor. Page two. Well, page four of the record, sorry. Oh, page four of the record. Yeah, yeah. Yes, Your Honor, sorry. And reweight. The problem that he's arguing is that they used the actual factual findings, but then added one to the balancing. I would disagree with that, Your Honor. I think that's inaccurate. So, I mean, maybe I'm reading the wrong thing, but I'm in the BIA's opinion, and I'm at page two of the opinion, which is five in my record. We find significant the fact that the respondent also provided his false identification to police in order to avoid criminal prosecution. I think it's that last phrase that the petitioner, at least, is arguing. In order to avoid criminal prosecution. That's what we're going on. Everything else, it's really, I don't think it's an issue, but that's the additional language, which is. I'm having a difficult time seeing the distinction here. To me, it's a difference without a distinction. There are four. Except it's contrary to the district court. Maybe nobody had to make a finding about why the guy did what he did. But the fact that the IJ made one finding regarding his intent for the false ID, and the BIA made a finding of a different intent, that's where the problem lies. Because it seems to have played a part in the BIA's weighing of the equities. I'm not seeing the distinction. I would disagree with the court, Your Honor. What you're saying, is it that any time somebody presents to police upon arrest any false identification, that's to avoid prosecution. That's, you think that's what the BIA is saying? You provided a false identification to police, therefore, you're not being truthful to the police. You're, can you read it like that? It's possible, Your Honor. It's possible that we can read it like that. But in taking it in total, there were four concessions here. And the IJ made a factual finding on those four concessions. What were your four concessions? Because I think we interrupted you. False ID? Obtaining a false ID, being arrested for assault and battery, arrested for possessing a false license, and using the false identification in both arrests. He conceded to that on page 160 of the record. Based on that, those are factual findings that the IJ made. The IJ just weighed the positive equities greater than the liabilities. The BIA took those same factual findings and weighted the liabilities heavier to tip it in the denial category. That's all that petitioner's attempting to do, is scale a jurisdictional wall to try to reframe this. The BIA's decision as a legal decision to ask the court to inappropriately re-weigh the evidence and remand the case back to the board. This case is just a re-weighing of the factual findings. Let me ask you this. If we were to agree with petitioner's counsel, could we remand, well I think we could, but the question is, should we remand the case and tell the BIA, you have to tell us, we're eliminating the avoid criminal prosecution. Using your de novo review, would you still not grant the remedy and us perhaps retain jurisdiction and get that answer back from the BIA? That'd be helpful anyway. Just to help you, may I briefly answer? A remand would be futile. For simply a semantic prepositional phrase lining out here. The scenic came on of that one out of four factual findings by the IJ, that he used the false ID in both arrests, that's where it ends. To avoid prosecution is a distinction without a difference. Why else, if it matters to the court, why else would you present false identification to the police officer? You're being arrested for the second arrest, you're being arrested for possessing the false driver's license. Why else would you present that when you come clean to the police officer and say, I'm John Doe, I'm not Steve Brown, as my license would say. So whether it's explicit or inferred, it's irrelevant. He produced a false identification to police officers in both arresting situations. Not just one, but both. And using that false identification was one of four factual findings that the BIA reweighed in favor of denial. And in a 1252, the government's position is the court will lack jurisdiction in reviewing this case. Thank you, Counsel. Thank you. One minute rebuttal for Petitioner's Counsel. Thank you, Your Honor. Yvonne Mercado on behalf of Mr. Johan Jose Tabarez Martinez. This is not a reweighing discretionary case. This is about legal errors in the standard of review. The BIA did not apply a clear errors standard to their review. The BIA could have said, these are the factors found by the court. This is the weight that we ascribe, you lose. That's the easiest way to deal with it. And it's not a question of remanding to the BIA, so now they can correct some semantic error. You don't get to do that. They erred as a matter of law, which is reversible by this court, because it was not a discretionary matter within their sole purview to address. So if we reverse, what would be the remedy then? The remedy is to reinstate, or with an order, to vacate the BIA's order and allow the determination, the order of the immigration judge to stand. It's a- Well, I mean, you could do it one of two ways, right? You could ask the BIA to reweigh, and the BIA at that point could say, send it back to the IJ for more fact finding on this exact issue, I guess. Like one of two things, I think, could happen. Or the BIA could just reweigh and make a decision. I would prefer the first rather than the latter, obviously. What you prefer is, for example, when the Supreme Court reverses those and maintains the judgment of the district court, that. And so we say the IJ ruling stands, and that's it. That's what you would want? Yes. Okay, thank you. Thank you, Your Honor. Thank you, counsel. That concludes argument in this case.